IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANPREET SINGH BAWA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; DAVID N. STILL, Officer in Charge of the San Francisco Sub-Office of the United States Citizenship and Immigration Services; NANCY ALCANTAR, Field Office Director, Department of Homeland Security and Immigrations and Customs Enforcement (San Francisco); WILLIAM, Deportation Officer, SNJ, Department of Homeland Security (San Francisco); TIMOTHY F. PURDY, Deportation Officer, SNJ, Department of Homeland Security (San Francisco); MUND MOGIA, Special Agent, Federal Bureau of Investigation, Other Special Agents of the FBI to be Identified and Named, and DOES 1–25,<br><br>    Defendants.<br> | No. C 07-00200 WHA<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS** |

**INTRODUCTION**

    In this civil-rights and tort action, defendants move to dismiss various claims and defendants from the complaint. This order finds that defendants' contentions have merit. Subject-matter jurisdiction is lacking over plaintiffs' claims brought under the Federal Tort Claims Act. In addition, defendant David Still must be dismissed as a defendant to plaintiff's *Bivens* claim. Accordingly, defendants' motion for partial dismissal is **GRANTED**.

**STATEMENT**

Plaintiff Manpreet Singh Bawa is a native of India. At some point, not clear from the papers, plaintiff applied for asylum, adjustment of status, and withholding of removal in the United States. By order dated July 15, 2005, he was granted withholding of removal by Immigration Judge Miriam Hayward. The applications for asylum and adjustment of status were denied. The United States Citizenship and Immigration Service waived appeal of that decision (Am. Compl. ¶¶ 27–33).

In October or November 2006, Federal Bureau of Investigation Agent Mund Mogia called plaintiff to the FBI offices in San Jose. Agents asked plaintiff about his work and asked him why he had traveled to Austin, Texas, in July or August 2006. The complaint alleges that the FBI agents "closely examined" plaintiff's Indian passport and "strongly looked" at plaintiff's long beard and Sikh turban. The agents asked plaintiff several questions with "terrorism undertones," including whether anyone from Pakistan had ever contacted him. Plaintiff alleges that even before this incident, the same agents had come to plaintiff's home and asked about plaintiff "from his co-tenants and neighbors, using innuendoes and references to terrorism and terrorists" (Am. Compl. ¶¶ 37–46).

On December 17, 2006, plaintiff was at work at Skillnet Solutions Incorporated in Cupertino, California. Agent Mogia and Officer Williams from the Department of Homeland Security, Immigration and Customs Enforcement, entered plaintiff's workplace. They did not present any warrant. Plaintiff voluntarily went with the agents into one of the company's conference rooms, where the agents asked him what his status was in the United States. Plaintiff told the agents that he had been granted withholding of removal. The agents, however, responded that the "order [was] invalid." The agents told plaintiff that he was in the United States illegally and proceeded to search him. According to the complaint, the agents "seized him, forced his face against the wall, and roughly patted plaintiff and then handcuffed him in full glare of his co-workers, superiors, . . . subordinates, and his customers." Plaintiff was told that he was deportable on account of the fact that he had been ordered deported from the United

2

1  States on July 15, 2005, the same date he had been granted withholding of removal (Am.
2  Compl. ¶¶ 53–64).

3        The agents handcuffed plaintiff, put him in a car, and took him to the USCIS San Jose
4  detention center.  Plaintiff was told to remove his wallet, jewelry, cell phone, belt, and
5  shoelaces.  He was also told to remove his religious turban.  He was subjected to a rough search.
6  Plaintiff was detained for a total of five hours before he was released.  He was told to report to
7  the USCIS office in San Francisco on the third Wednesday of each month.  He was not told why
8  he had been detained or why this condition of release was imposed on him.  Furthermore, an
9  "order of supervision" was issued on December 18, 2006, indicating that on July 15, 2005, he
10 had been ordered "removed."  According to the complaint, however, "[d]efendants have
11 admitted that there was no order of deportation against plaintiff contrary to defendants'
12 assertions and contents of [the order of supervision]" (Am. Compl. ¶¶ 70–79; Exh. C).

13       Plaintiff filed this action on January 10, 2007.  He amended the complaint on March 20,
14 2007.  The amended complaint names the following entities and individuals as defendants:
15 (1) the United States of America; (2) David N. Still, officer in charge of the San Francisco
16 Sub-Office of the United States Citizenship and Immigration Service; (3) Nancy Alcantar,
17 officer in charge of the San Francisco Sub-Office of the Department of Homeland Security
18 and/or Immigration and Customs Enforcement; (4) William, a deportation officer;[1] (5) Timothy
19 F. Purdy, a deportation officer; (6) Mund Mogia, an FBI agent; (7) other "FBI Special Agents to
20 be Identified and Named"; and (8) twenty-five Doe defendants.  He asserts seven claims against
21 the United States under the Federal Tort Claims Act:  intentional infliction of emotional
22 distress, false arrest and imprisonment, negligence, assault, battery, violation of rights
23 guaranteed by the California Constitution, and violation of California Civil Code Section
24 52.1(b).  He also asserts an eighth claim for the unconstitutional use of excessive force in
25 violation of the Fourth and Fifth Amendments (Am. Compl. ¶¶ 6–12; 87–114).

---

[1] No full name is provided for this defendant.  It is unclear whether "William" is a first or last name.

The government moves to dismiss the seven claims under the FTCA for failure to properly exhaust administrative remedies. Defendant Still also alleges that he should be dismissed because plaintiff cannot state a *Bivens* claim against him.[2]

**ANALYSIS**

**1.  STANDARDS OF REVIEW.**

Under Federal Rule of Civil Procedure 12(b)(1), a court should dismiss a complaint where there is no subject-matter jurisdiction, including cases where the federal government is a defendant and there is no explicit waiver of sovereign immunity. In determining whether it has subject-matter jurisdiction, a court may consider facts outside the pleadings. *See St. Clair v. City of Chico*, 880 F.2d 199, 201–02 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

---

[2] Other arguments by the government raised in its initial motion were explicitly abandoned in its reply. *First*, the government does not contend anymore that any claims need to be dismissed on sovereign immunity grounds. The government originally moved to dismiss the sixth and seventh claims under the theory that it had not waived sovereign immunity as to those claims. Plaintiff's opposition clarified that those claims are being brought under the FTCA, rather than as independent claims under state law. *Second*, the government withdraws its motion to strike the Doe defendants. The case management scheduling order, issued while the instant motion was pending, gave plaintiff a deadline of May 4, 2007, to name any Doe defendants. None was named by that deadline, so defendant's motion to strike is moot.

4

### 2. EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER THE FEDERAL TORT CLAIMS ACT.

A district court has no subject-matter jurisdiction over a tort action against the United States unless the plaintiff first presented a claim to the appropriate agency, and either (1) the claim was "finally denied" in writing, or (2) six months have passed since the claim was submitted. The FTCA expressly provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a).

Here, plaintiff alleges that he sent a claim, through counsel, to USCIS on December 19, 2006. The seven-page letter explains: "I am informed that your goons arrested Mr. Bawa from his office and in front of his employers for NO genuine reason. This is unwarranted and uncalled for. You victimized him and humiliated him in front of his business associates and customers. You RUINED his business reputation and his business relationships that he had built over the years." According to the letter, however, these actions were unjustified because plaintiff had been granted withholding of removal. The letter also states, in bold print, "[w]e are suing for $10,000,000 damages for your recklessness and injury inflicted on him before the United States District Court for the Northern District of California." Finally, the letter details nine claims plaintiff apparently intended to assert against the government, including various alleged violations of his civil rights and many of the same tort claims asserted in this action (Am. Compl. Exh. A).

The December 19 letter, though not a model of clarity or brevity, is sufficient to meet the requirements of a "claim" under the FTCA. "[T]he prevailing view and the view held by the

5

1  Ninth Circuit is that the jurisdictional requirement of minimum notice is satisfied by (1) a
2  written statement sufficiently describing the injury to enable the agency to begin its own
3  investigation, and (2) a sum certain damages claim." *Burns*, 764 F.2d at 724 (quotations
4  omitted). There were sufficient allegations in the letter to apprise the Service "of an imminent
5  lawsuit to enable them to initiate their own investigation." *Ibid.* It also claims $10 million in
6  damages several times. It meets both Ninth Circuit requirements for a pre-litigation "claim."[3]

7  The government contends that even in light of the December 19 letter to USCIS, there is
8  no subject-matter jurisdiction because there was no final decision on the claim, nor have six
9  months passed since the December 2006 claim was filed. The government's argument has
10 merit. If plaintiff did indeed file his claim on December 19, as he alleges, he should have
11 waited until June 20, 2007, to file this action, assuming USCIS did not issue a final denial of his
12 claim before the six-month period expired. "The claim requirement of section 2675 is
13 jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 724 (9th
14 Cir. 1985). A plaintiff is required to present the administrative claim and receive the final
15 decision before this Court may have jurisdiction. A plaintiff may not satisfy the requirement by
16 presenting the administrative claim after filing suit or by filing suit while his administrative
17 claim is still pending. *See McNeil v. United States*, 508 U.S. 106, 111–12 (1993) ("The most
18 natural reading of the statute indicates that Congress intended to require complete exhaustion of
19 Executive remedies before invocation of the judicial process. . . . The interest in orderly
20 administration of this body of litigation is best served by adherence to the straightforward

---

[3] The government points out that although the letter was filed with USCIS, neither the FBI nor ICE ever received an administrative FTCA claim from plaintiff. The government submitted two declarations asserting that neither the FBI nor ICE have any record of an administrative FTCA claim by plaintiff (Whitted Decl. ¶ 4; Wilson Decl. ¶ 4). Plaintiff's declaration in opposition only states that he "filed" the administrative claim on December 19 and "personally deposited a hard copy of the Claim for Relief" at USCIS's San Francisco office on December 20, 2006 (Bawa Decl. ¶ 3). Plaintiff also sent two reminders to USCIS on February 12 and 19, 2007. Plaintiff attached to his declaration a copy of the acknowledgment of receipt of the February 19 reminder (Bawa Decl. ¶ 3, Exh. A). Plaintiff's declaration does not establish, nor is it alleged in the papers, that an administrative FTCA claim was ever filed with the FBI or ICE. Whether the administrative-claim requirement is satisfied by filing a claim with one agency where the conduct of multiple agencies is in question is not addressed in the papers. This order assumes without deciding that filing a claim with one agency is sufficient.

statutory command."). Subject-matter jurisdiction is lacking over this action because the claim has not been denied, nor have six months passed since the December 2006 claim was filed.

In addition, plaintiff has not justified excusing the exhaustion requirement altogether. The Ninth Circuit has explained that "[e]xhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991). Plaintiff here contends that certain extenuating circumstances justify excusing the six-month requirement. His argument lacks merit. This order holds that even if the six-month period could be excused for any such extenuating reasons, those reasons do not exist here.

Plaintiff contends that the six-month statutory period should be excused because he is soon to be deported. This contention, however, is unsupported by the record. There is no order of removal in this record. The only immigration documents before the Court are: (1) the immigration judge's order dated July 15, 2005, granting plaintiff withholding of removal, and (2) the order of supervision dated December 18, 2006, indicating (possibly erroneously) that on July 15, 2005, plaintiff was ordered removed (Am. Compl. Exhs. A, B). It is true, as plaintiff points out, that one of the conditions of his supervision is that he "appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation and removal" (May 7 Bawa Decl. ¶ 4). Plaintiff cites no authority, however, establishing that the order of supervision is a final order of removal. Indeed, plaintiff himself states in the complaint that "[d]efendants have admitted that there was no order of deportation against plaintiff contrary to defendants' assertions and contents of [the order of supervision]" (Am. Compl. ¶ 80). Based on the record, it appears that plaintiff is still under the protection of the 2005 administrative relief.

Furthermore, the government submitted a declaration by defendant Nancy Alcantar, the Field Office Director of the U.S. Immigration and Customs Enforcement Office of Detention and Removal Operations. Defendant Alcantar's declaration states:

7

> I am aware that Mr. Bawa's lawyer has filed a document with the court in which he states the federal government is about to remove Mr. Bawa. That statement is incorrect. ICE presently is not making any arrangements to remove Mr. Bawa. If it were, my office would be making the travel arrangements. No one in this office is doing so.
>
> Mr. Bawa has been reporting monthly to the DRO office, as per the conditions of his Order of Supervision. He last reported on April 18, 2007, at which time we revised the terms of the Order of Supervision to require him to report every six months. His next reporting date is October 17, 2007.

(Alcantar Decl. ¶¶ 3–4). The factual record rebuts plaintiff's allegation that he is soon to be deported. Because plaintiff has not established any reason to excuse the six-month requirement, this order finds subject-matter jurisdiction lacking over the seven claims asserted under the FTCA. Those claims must be dismissed without prejudice to moving to amend them back into the action after the six-month period has elapsed or USCIS issues a final denial of his claim, whichever happens first.

### 3. MOTION TO DISMISS DAVID STILL.

Defendant Still moves to be dismissed as a defendant from plaintiff's eighth claim, a *Bivens* claim for excessive force. Defendants may be dismissed from a civil-rights action if the complaint lacks "specific factual allegations showing the defendants' participation in the alleged discriminatory practice." *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Al.*, 673 F.2d 266, 268 (9th Cir. 1982).

The complaint alleges that defendant Still "may have played a substantial role and was in a position to exercise command responsibility in acting with Defendants' agents." It also alleges that defendant Still "planned the law enforcement actions complained of herein, targeting plaintiff and others based on his race, ethnicity, ancestral origin, religious belief, political ideology and/or his association with other immigrants." Finally, it is alleged that he "authorized, ratified and condoned the conduct challenged herein" (Am. Compl. ¶ 7).

8

These allegations are insufficient to demonstrate Still's participation in the alleged actions. The complaint is devoid of facts connecting Still to the complained-of civil-rights violations. Still must be dismissed because the allegations of his liability under the *Bivens* claim are vague and conclusory.

Plaintiff relies on the Second Circuit's decision in *Thomas v. Ashcroft*, 470 F.3d 491, 496–97 (2d Cir. 2006), which held that "[b]ecause the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Thomas* held that "[t]he personal involvement of a supervisory defendant may be shown by evidence that the defendant: (1) directly participated in the constitutional violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; (4) was grossly negligent in supervising subordinates who caused the violation; or (5) failed to act on information indicating that unconstitutional acts were occurring."

Plaintiff appears to concede that as to Still, the first factor — direct participation in the constitutional violation — is inapplicable (Opp. 18). Plaintiff contends, however, that the four other *Thomas* factors are present. Specifically, plaintiff points out that the complaint references four other detention-related lawsuits that have been filed in this district in the past eight years. In those actions, it was alleged that various unnamed immigration officers discriminated against immigrants from Zimbabwe, Nigeria, Nicaragua, and Kenya, and violated their civil rights. According to plaintiff, this demonstrates that Still had knowledge that his subordinates were grossly undertrained and that they were violating immigrants' constitutional rights.

Assuming *Thomas* applies here, plaintiff's argument lacks merit. The complaint does not allege that Still had any role in or ratified the conduct of the agents in the four earlier cases. That fact is somewhat obliquely alleged in plaintiff's opposition to the instant motion, but not in the complaint. In addition, knowledge of the previous lawsuits cannot be imputed to Still where it is not alleged that Still ever knew of those lawsuits or of the underlying alleged detentions.

9

Furthermore, the complaint does not allege that Still failed to remedy any alleged violation of plaintiff's rights. Nor is any gross negligence by Still alleged in the complaint. Nor is it alleged that Still knew of any alleged improper, unconstitutional conduct being inflicted on plaintiff and that Still acted failed to act on that information. Moreover, according to the complaint, the alleged principal violators of plaintiff's civil rights were FBI agent Mugia and ICE agent Williams. Defendant Still is in charge of USCIS, which does not handle detentions or immigration-enforcement matters. Those matters are generally within the purview of ICE. *See Lopez v. Gonzales*, 127 S. Ct. 625, 628 n.1 (2006) ("The INS's immigration-enforcement functions are now handled by the Bureau of Immigration and Customs Enforcement in the Department of Homeland Security.").

In sum, the complaint here lacks "specific factual allegations showing [Still's] participation in the alleged discriminatory practice." *Richards*, 864 F.2d at 88. Still must be dismissed. This order holds, however, that allowing a pleading amendment as to Still may not be futile because additional facts may be sufficient to allege Still's personal involvement in the alleged activities, at least at the pleading stage. Thus, plaintiff will be allowed to amend the allegations as to Still. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## CONCLUSION

In conclusion, claims one through seven, asserted under the Federal Tort Claims Act, are hereby **DISMISSED** without prejudice. Defendant Still is **DISMISSED** without prejudice. Plaintiff may file an amended complaint, amending the allegations as to defendant Still. The amended complaint must be filed by **FRIDAY, JUNE 1, 2007**. Counsel are reminded of their duty under Rule 11 to make only good-faith allegations.

**IT IS SO ORDERED.**

Dated: May 7, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10